WILCOX ET AL. *v*. TOWN OF NORTH LIBERTY ET AL.

[No. 31,156. Filed October 24, 1967. Rehearing Denied April 5, 1968.]

*Douglas D. Seely, Jr.,* and *Thomas F. Lewis, Jr.,* of South Bend, for appellants.

*Richard D. Bonewitz,* of South Bend, for appellees.

JACKSON, J.—This matter comes to this Court on transfer from the Appellate Court by its order made pursuant to Acts of 1967, Chapter 357, Sections 1(b) and 9(b).

This is an appeal from the decision of the LaPorte Circuit Court arising from a judgment entered in an action brought by the appellants seeking a permanent injunction to restrain and permanently enjoin the appellees from billing and collecting rates and charges pursuant to an ordinance passed by the appellees for the construction and operation of a sewage disposal plant and attendant facilities.

The issues were formed by the appellants' complaint which alleged that the ordinance enabling the appellees to bill and collect the rates of charges was invalid and that the acts of the appellees in billing and collecting the charges and rates were invalid for certain reasons set forth at length in the complaint. The complaint was in two paragraphs; the first paragraph was brought on behalf of all citizens of the Town of North Liberty, Indiana. The second paragraph was brought on behalf of the individual appellants.

The appellees filed an answer in two paragraphs, each of which denied that the ordinances and contemplated acts of the appellees were invalid.

The appellees filed a motion for a summary judgment with supporting affidavits. The appellants filed counter-affidavits. The motion for the summary judgment was sustained. The judgment reads as follows:

"Come now the parties by counsel and the Court having heretofore on the 28th day of April, 1966, heard argument of counsel on defendants' Motion for Summary Judgment and taken the same under advisement, and the Court having given due consideration to the pleadings and the supporting instruments filed by the parties on defendants' Motion for Summary Judgment, and being duly advised, now finds for the defendants and against the plaintiffs on defendants' Motion for a Summary Judgment, and that the defendants' Motion for a Summary Judgment should be granted, and that there is no genuine issue as to any material fact in plaintiffs' complaint and that the defendants are entitled to judgment as a matter of law.

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the plaintiffs take nothing by their action herein, and that the costs of this action are taxed against the plaintiffs."

This action is a companion case to *Roy Wilcox, et al.* v. *Town of North Liberty, Indiana, et al.,* No. 31148, an appeal from the St. Joseph Superior Court. The judgment rendered in the instant case was predicated on the judgment of the St. Joseph Superior Court.

Since the judgment of the St. Joseph Superior Court was reversed by this Court on October 23, 1967, the summary judgment herein appealed from has no foundation; therefore, the judgment is hereby reversed, and the cause is remanded with instructions to take such action below as is consistent with this opinion.

Judgment reversed.

Hunter, C. J. and Arterburn, Lewis and Mote, JJ. concur.

ON PETITION FOR REHEARING

JACKSON, J.—This matter comes to this Court on transfer from the Appellate Court by its order made pursuant to Acts of 1967, Chapter 357, Sections 1(b) and 9(b).

This is an appeal from the decision of the LaPorte Circuit Court arising from a judgment entered in an action brought

by the appellants seeking a permanent injunction to restrain and permanently enjoin the appellees from billing and collecting rates and charges pursuant to an ordinance passed by the appellees for the construction and operation of a sewage disposal plant and attendant facilities.

The issues were formed by the appellants' complaint which alleged that the ordinance enabling the appellees to bill and collect the rates of charges was invalid and that the acts of the appellees in billing and collecting the charges and rates were invalid for certain reasons set forth at length in the complaint. The complaint was in two paragraphs; the first paragraph was brought on behalf of all citizens of the Town of North Liberty, Indiana. The second paragraph was brought on behalf of the individual appellants.

The appellees filed an answer in two paragraphs, each of which denied that the ordinances and contemplated acts of the appellees were invalid.

The appellees filed a motion for a summary judgment with supporting affidavits. The appellants filed counter-affidavits. The motion for the summary judgment was sustained. The judgment reads as follows:

"Come now the parties by counsel and the Court having heretofore on the 28th day of April, 1966, heard argument of counsel on defendants' Motion for Summary Judgment and taken the same under advisement, and the Court having given due consideration to the pleadings and the supporting instruments filed by the parties on defendants' Motion for Summary Judgment, and being duly advised, now finds for the defendants and against the plaintiffs on defendants' Motion for a Summary Judgment, and that the defendants' Motion for a Summary Judgment should be granted, and that there is no genuine issue as to any material fact in plaintiffs' complaint and that the defendants are entitled to judgment as a matter of law.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the plaintiffs take nothing by their action herein, and that the costs of this action are taxed against the plaintiffs."

This action is a companion case to *Roy Wilcox, et al.* v. *Town of North Liberty, Indiana, et al.,* No. 31148, an appeal from the St. Joseph Superior Court. The judgment rendered in the instant case was predicated on the judgment of the St. Joseph Superior Court.

Since the judgment of the St. Joseph Superior Court was affirmed by this Court on rehearing, the summary judgment herein appealed from is therefore now affirmed.

Lewis, C. J. and Arterburn, Hunter and Mote, JJ. concur.

Opinion On Rehearing.

NOTE.—Reported in 230 N. E. 2d 430. Rehearing Reported in 235 N. E. 2d 469.